IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

**NOV 17 2025**

JEFFREY P. COLWELL
CLERK

Civil Action No. _____
(To be supplied by the court)

Joseph Roybal _____, Plaintiff

v.

**Jury Trial requested:**
(please check one)
__X__ Yes ____ No

Moses Andre Stancil _____,

Siobhan Burtlow _____,

Joshua Lessar _____,

____**See Attached** "**Additional Defendant's**"____, Defendant(s).

(List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Section B. Do not include addresses here.)

---

### PRISONER COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## Additional Defendant's

John Doe #1, Yard Sergeant, Fremont Correctional Facility, Canon City, 81215

John Doe #2, Unit 1 Sergeant, Fremont Correctional Facility, Canon City, CO 81215

John Doe #3, Unit 1 Correctional Officer, Fremont Correctional Facility, Canon City, CO 81215

John Doe #4, Unit 1 Correctional Officer, Fremont Correctional Facility, Canon City, CO 81215

Lieutenant Stice, Shift Commander, Fremont Correctional Facility, Canon City, CO 81215

A.  **PLAINTIFF INFORMATION**

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

Joseph Roybal, DOC# 115394, CTCF, P.O. Box 1010, Canon City, CO 81215
   (Name, prisoner identification number, and complete mailing address)

_____
   (Other names by which you have been known)

*Indicate whether you are a prisoner or other confined person as follows: (check one)*

____   Pretrial detainee
____   Civilly committed detainee
____   Immigration detainee
_X_    Convicted and sentenced state prisoner
____   Convicted and sentenced federal prisoner
____   Other: (*Please explain*) _____

B.  **DEFENDANT(S) INFORMATION**

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1:   Moses Andre Stancil, Executive Director of the Colorado Department of
               (Name, job title, and complete mailing address)

               Corrections, 1250 Academy Park Loop, Colorado Springs, CO 80910

               At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

               Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect

               him from a violent assault

               Defendant 1 is being sued in his/her _X_ individual and/or ___ official capacity.

3

Defendant 2:   Siobhan Burtlow, Warden of Fremont Correctional Facility, P.O. Box 999
(Name, job title, and complete mailing address)

Canon City, CO 81215

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect

him from a violent assault

Defendant 2 is being sued in his/her _X_ individual and/or ___ official capacity.

Defendant 3:   Joshua Lessar, Lieutenant of Mailroom, Fremont Correctional Facility,
(Name, job title, and complete mailing address)

Canon City, CO 81215

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect

him from a violent assault

Defendant 3 is being sued in his/her _X_ individual and/or ___ official capacity.

## C.   JURISDICTION

*Indicate the federal legal basis for your claim(s): (check all that apply)*

_X_   State/Local Official (42 U.S.C. § 1983)

___   Federal Official
As to the federal official, are you seeking:
___ Money damages pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)
___ Declaratory/Injunctive relief pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1361, or 28 U.S.C. § 2201

___   Other: (*please identify*) _____

4

## "B. DEFENDANT(S) INFORMATION."

Defendant 4: <u>John Doe #1, Yard Sergeant, Fremont Correctional Facility, Canon City, 81215</u>
(Name, job title, and complete mailing address)

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

<u>Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect</u>

<u>him from a violent assault</u>

Defendant 4 is being sued in his/her _X_ individual and/or ___ official capacity.

Defendant 5: <u>John Doe #2, Unit 1 Sergeant, Fremont Correctional Facility, Canon City, CO</u>
(Name, job title, and complete mailing address)

<u>81215</u>

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

<u>Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect</u>

<u>him from a violent assault</u>

Defendant 5 is being sued in his/her _X_ individual and/or ___ official capacity.

Defendant 6: <u>John Doe #3, Unit 1 Correctional Officer, Fremont Correctional Facility,</u>
(Name, job title, and complete mailing address)

<u>Canon City, CO 81215</u>

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law? _X_ Yes ___ No (*check one*). Briefly explain:

<u>Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect</u>

<u>him from a violent assault</u>

Defendant 6 is being sued in his/her _X_ individual and/or ___ official capacity.

Defendant 7:   John Doe #4, Unit 1 Correctional Officer, Fremont Correctional Facility,
(Name, job title, and complete mailing address)

Canon City, CO 81215

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect

him from a violent assault

Defendant 7 is being sued in his/her _X_ individual and/or ___ official capacity.

Defendant 8:   Lieutenant Stice, Shift Commander, Fremont Correctional Facility,
(Name, job title, and complete mailing address)

Canon City, CO 81215

At the time the claim(s) in this complaint arose, was this defendant acting under color of state or federal law?  _X_ Yes ___ No (*check one*).  Briefly explain:

Defendant violated Plaintiff's Eighth Amendment Right's by failing to protect

him from a violent assault

Defendant 8 is being sued in his/her _X_ individual and/or ___ official capacity.

D.   STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE:

### FIRST CLAIM FOR RELIEF
### (42 U.S.C. § 1983—Deliberate Indifference—Failure to Protect)

1)   Plaintiff, Joseph Roybal ("Plaintiff"), proceeding *pro se*, respectfully states the following:

2)   This case arises from the conduct and omissions of certain staff members of the Colorado Department of Corrections ("CDOC"), specifically at Fremont Correctional Facility ("FCF").

3)   On November 12, 2013, in Arapahoe County District Court Case 12CR001346, Plaintiff was sentenced to serve 30-years in prison, to be served in CDOC.

4)   Shortly thereafter, Plaintiff was sent to FCF to begin his sentence. FCF is a medium security, level III prison, with eight (8) living units. FCF and CDOC has a duty to classify prisoners upon arrival to FCF based on their security threat, and to house them in a manner that protects the prisoners, staff and the public. Plaintiff was housed in living Unit 3.

5)   FCF staff knew Plaintiff was part of a vulnerable population in part due to being a former gang member and his convictions in his criminal case.

7

6) Suffering physical assaults while in prison is not "part of the penalty that criminal offenders pay for their offenses against society." **_Rhodes v. Chapman_**, 452 U.S. 337 (1981).

7) The duties under the Eighth Amendment include a duty "to protect prisoners from violence at the hands of other prisoners." **_Farmer v. Brennan_**, 511 U.S. 825, 833 (1994). "[T]o establish a cognizable Eighth Amendment claim for failure to protect, a plaintiff 'must show that he is incarcerated under conditions posing a substantial risk of serious harm,' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." **_Benefield v. McDowall_**, 241 F.3d 1267, 1271 (10th Cir. 2001) (quoting Farmer, 511 U.S. at 834)).

8) Plaintiff's First Claim for Relief is asserted against Defendants: Moses Andre Stancil; Siobhan Burtlow; Lieutenant Joshua Lessar; Defendant John Doe #1, Yard Sergeant; Defendant John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer; and Defendant Stice, Shift Commander.

9) At all times relevant, Defendants Stancil and Burtlow had a duty to hire an adequate number of staff members pursuant to its independent legal duties and the Eighth Amendment, and to implement CDOC regulations, polices, and procedures, as well as to adequately train, supervise, and discipline staff to protect inmates, including Plaintiff.

10) As a result of Defendants Stancil, Burtlow, Lessar, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Stice's deliberate indifference, Plaintiff was violently assaulted and nearly killed due to their failure to protect, supervise and provide adequate supervision, despite the substantial risk of serious harm to inmates by ignoring previous violent assaults, staffing inadequacies, training and the complete lack of supervision of Unit 1 inmates. These Defendants each were deliberately indifferent to a substantial risk of serious harm resulting in Plaintiffs violent

assault and near death, because they consistently ignored and disregarded CDOC policy[1] and procedures and previous assaults.

11) Defendants Stancil and Burtlow were well aware of an ongoing problem with inmates from Unit 1, violently assaulting FCF general population inmates, but failed to take any protective measures, add additional supervision, discipline staff, or modify and adopt new policy and procedure, to address this staffing, supervision and lack thereof, problem.

12) This violent assault, was due to a lack of staffing, supervision, discipline, compliance with policy[2] and training. This can be highlighted by a violent assault that occurred on March 6, 2020, against inmate Roy Saldivar, DOC# 63802, who was violently assaulted, and hospitalize, by two known gang members, from living Unit 1, who were strategically and patiently waiting for Mr. Saldivar on the dog-run, in front of case management, roughly around 3:00 p.m., to return from his work assignment. These two closed custody inmates were able to leave living Unit 1, undetected and unsupervised, due to a lack in staffing, training, and compliance with CDOC policy and procedure.

13) On the grounds of FCF, there is a "closed custody" living unit, living Unit 1. This living unit is comparable to a level V prison and is the most restrictive custody level in general population[3]. Living Unit 1, is its own building and was essentially built in the middle of FCF right next to the dining hall, medical and laundry.

---

[1] Pursuant to Administrative Regulation 300-55, it is the policy of CDOC to establish and structure all offender movement as a means of ensuring the safety, security, and accountability of staff and offenders. Offender movement will follow established procedures to ensure accountability of offenders and preserve the security of the facility.

[2] Pursuant to Administrative Regulation 600-01, a custody level refers to the degree of supervision an inmate requires. Ranging from low to high, inmates are rated as minimum, minimum-restricted, medium, *close* and administrative segregation.

[3] See ***Estate of Roemer v. Johnson***, 2019 U.S. Dist. LEXIS 163766 *19, Fn.9.

14) Each Unit at FCF is its own building. Unit 1 houses closed custody inmates, who require more supervision and control due to disciplinary reports, behavioral issues, violence, gang activities, etc. Unit 1 inmates require supervision at all times. Unit 1 inmates are not allowed to mingle with FCF general population inmates, they are required to be supervised when leaving their cells and unit, when being moved throughout FCF to either the law library, library, medical, med line, laundry, case management, etc. Unit 1 inmates are required to eat in the dining halls with only Unit 1 inmates and can only receive medications, from med line, during their pulls with only Unit 1 inmates. At all times, staff are require to supervise Unit 1 inmates' movements per policy and procedure.

15) But this has proven to be difficult for FCF staff. Between 2015 and 2024, several FCF inmates have been violently assaulted by Unit 1 inmates due to a complete lack of staffing, supervision, training and compliance with policy and procedure.

16) Here, Defendants Stancil, Burtlow, Lessar, John Doe #1, John Doe #2, John Doe #3, John Doe #4, and Defendant Stice, knew of a substantial risk of serious harm posed to staff, FCF inmates and Plaintiff, by failing to supervise Unit 1 inmates. These Defendants woefully disregarded that risk by failing to take reasonable steps to ensure better training on Unit 1 staff, FCF staff, supervision, discipline and compliance with policy and procedure.

17) This was the type of situation known to Defendant Stancil and Burtlow to result in violence. But Defendant Stancil and Burtlow ignored this problem, for years, while jeopardizing the safety and security of all inmates, staff and Plaintiff.

### *Meeting with Defendant Lessar*

18) On or around November 2023, Plaintiff was escorted to Defendant Lessar's office in Unit 5, from his living unit. There, Defendant Lessar informed Plaintiff that he received a

10

unanimous Kite[4] that described in great detail, that Plaintiff's life was in danger[5] due to his criminal case. At the time, Plaintiff was unaware of any threat against his life or problems with other inmates. Plaintiff informed Defendant Lessar that he was unaware of any problems with any inmates at FCF.

19) At the time, Defendant Lessar down played the seriousness of the threat against Plaintiff's life and informed Plaintiff that if something was going to happen, it would have already happened. Defendant Lessar informed Plaintiff that he would continue to investigate the allegations in the Kite. Thereafter, Defendant Lessar requested Plaintiff to sign a document, informing Plaintiff that he brought the issue to Plaintiff's attention.

20) At no time did Defendant Lessar inform Plaintiff that he could move Plaintiff to a different facility for his safety and security. Here, the risk of harm to Plaintiff was obvious or should have been obvious to Defendant Lessar, but Defendant Lessar failed to take any protective measures to ensure the safety and security of Plaintiff.

21) Upon information and belief, Defendant Lessar, the Mailroom Lieutenant, knew the Kite was deposited in the mailbox in living Unit 1, thus placing Defendant Lessar on notice that a serious threat against Plaintiff's life generated from living Unit 1. Defendant Lessar knew or should have known that numerous violent assaults occurred previously by Unit 1 inmates, placing him on notice of a substantial risk of harm to Plaintiff.

---

[4] A Kite is used by inmates in all CDOC facilities to communicate with medical, case management, programs, staffing, etc. It is typically filled out by inmates and then deposited in the facility mailboxes that are in each living unit. Each morning mailroom staff and Defendant Lessar collect outgoing mail, Kites, legal mail, etc., from these mailboxes, for review and to be processed. All mail from the living units are retrieved and placed in a specific bag, so the mailroom will know what unit the mail/Kites was generated from.

[5] See *Swayzer v. Hernandez*, 2025 U.S. Dist. LEXIS 175646 (Death threats from other inmates can constitute conditions posing substantial risk of serious harm).

11

22) Upon information and belief, Defendant Lessar failed to investigate the threats made against Plaintiff's life, even though Defendant Lessar knew inmates from Unit 1 have violently assaulted FCF inmates in the past, due to a complete lack of supervision and compliance with policy and procedure.

### ***The Violent Assault***

23) On January 28, 2024, at roughly 2:30 p.m., Plaintiff, his living unit, living unit 3, and other living units (Unit 2 and Unit 4), were called for their scheduled movement, to recreation on the eastside of FCF. During this movement, Plaintiff and other inmates[6] were required to use the upper sidewalk in the courtyard of FCF to get to recreation pursuant to policy and procedure.

24) Simultaneously, during this movement, Unit 1 inmates were also on a scheduled move to the dining halls and med line, while under the supervision of Defendant's John Doe #1, Yard Sergeant; Defendant John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer.

25) Based on information and belief, during this movement, J.W. was able to run away from his scheduled movement and supervision, in Plaintiff's direction, due to Defendant's John Doe #1, Yard Sergeant; Defendant John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer, complete lack of supervision, with a metal shank, on his person.

26) Based upon information and belief, after radioing to Defendant's John Doe #1, Yard Sergeant, to see if he or she was ready for movement, Defendant Stice authorized and approved the movement of Unit 2, Unit 3 and Unit 4 inmates, on the upper sidewalk, to recreation,

---

[6] Upon information and belief, during this movement there were well over 100+ inmates using the upper sidewalk with little to no supervision.

while Unit 1 inmates were also being moved to the dining halls on the lower sidewalk.

27)   Upon information and belief, Defendant's John Doe #1, Yard Sergeant, also approved this movement knowing that there was not sufficient staff members posted in the Court Yard to ensure the safety and security of FCF inmates and Plaintiff.

28)   Based on information and belief, Defendant's John Doe #1, Yard Sergeant; Defendant John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer; and Defendant Stice, were distracted with either a conversation at the "Bus Stop[7]" or simply failed to supervise all movements and Unit 1 inmates on the lower walking path, and all closed custody inmates, during this movement, jeopardizing the safety and security of the facility and Plaintiff.

29)   Immediately after J.W. ran off from the group of Unit 1 inmates, Plaintiff was violently assaulted by J.W., as J.W. was able to run up behind Plaintiff, on the upper sidewalk, where J.W. began to violently stab Plaintiff in the back of his neck, ribs and center of Plaintiff's back. Plaintiff then immediately turned around, in an attempt to protect himself, but was repeatedly stabbed by Plaintiff. This violent assault could have been completely avoided, but for the lack of supervision, inattention and deliberate indifference of Defendants John Doe #1, Yard Sergeant; Defendant John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer and Defendant Stice, Shift Commander.

30)   Had Defendant Stice and Defendant's John Doe #1, Yard Sergeant, ensured all FCF staff members, including Defendant Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer, Defendant John Doe #4, Unit 1 Correctional Officer, were posted in their respected positions, there is a reasonable probability that this violent assault would not have taken place and

---

[7]   The "Bus Stop" is known as a little hut/shed in the court yard of FCF.

J.W. would have been adequately supervised.

31) Upon information and belief, this violent attacked lasted three to five minutes, with no intervention. Several unknown officers were finally able to intervene and end the violent assault, and provide medical first aide to Plaintiff. Thereafter, Plaintiff was brought to St, Thomas Moore Hospital in Canon City, Colorado. There, Plaintiff was stabilized and then air lifted to Penrose Medical Center in Colorado Springs, Colorado, with a collapsed lung and multiple stab wounds.

32) Based on information and belief, J.W. left Unit 1, with a sharp metal shank[8], concealed on his person, when he should have been under the supervision of Defendants John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer. These Defendants were required to supervise J.W. and Unit 1 inmates when passing through the metal detector in Unit 1. These defendants failed to supervise J.W. when passing through the metal detector and/or failed to conduct a pat-down search on J.W. and Unit 1 inmates, before leaving Unit 1, resulting in Plaintiff's violent assault and near death. This was the direct result of Defendants John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; Defendant John Doe #4, Unit 1 Correctional Officer, failure to comply with and enforce FCF and CDOC policy and procedure.

33) Based on information and belief, for years, FCF staff and Defendants John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer; and Defendant John Doe #4, Unit 1 Correctional Officer, the officers on duty, maintained a custom and/or practice, not to

---

[8] See Webster's New International Dictionary 1249, 2087, 2589 (3d ed. 2002) (defining a "knife" as "a [weapon] consisting of a sharp-edged blade provided with a handle"; a "weapon" as "something (as a club, sword, gun, or grenade) used in destroying, defeating, or physically injuring an enemy"; and a "shank" as a "knife").

14

conduct cell searches and pat-down searches, pursuant to policy and procedure, to ensure Unit 1 inmates were not concealing contraband or shanks.

34) Based on information and belief, J.W was able to obtain a large piece of metal, months earlier, sharpened this piece of metal into a sharp point, and patiently and strategically waited for his opportunity to attack and violently assault Plaintiff.

35) Based on information and belief, J.W., who was confined in Unit 1, for several months, was well aware of the inadequacies in supervision, cell searches, pat-down searches and how easy it was for Unit 1 inmates to come and go from Unit 1 with contraband and shanks. This was the direct result of the Defendants John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer, and Defendant John Doe #4, Unit 1 Correctional Officers customs and practices of failing to adequately supervise Unit 1 inmates.

36) FCF and Unit 1 was regularly understaffed and its corrections officers regularly failed to perform cell checks for the safety and security of inmates as required by policy.

37) Based on information and belief Defendants John Doe #2, Unit 1 Sergeant; Defendant John Doe #3, Unit 1 Correctional Officer, and Defendant John Doe #4, Unit 1 Correctional Officer failed to perform cell searches and failed to adequately supervise Unit 1 inmates, resulting in J.W. obtaining a piece of metal which he sharpened down to a sharp shank.

38) Based on information and belief, Defendant Burtlow, John Doe #1, Yard Sergeant, and Defendant Stice, Shift Commander, failed to supervise the movements of inmates from Unit 1, resulting in Unit 1 inmates running amok, during movements, for years, when only FCF general population inmates were allowed to move throughout the facility. The deliberate indifference exhibited here by Defendant Burtlow, John Doe #1, Yard Sergeant, and Defendant Stice, Shift Commander, was the result of Plaintiffs violent assault and near death.

39) Based on information and belief, Defendants Stancil, Burtlow, Lessar, John Doe #1, John Doe #2, John Doe #3, Defendant John Doe #4, and Stice, collectively the Defendants, were all aware that failing to supervise Unit 1 inmates posed a substantial risk of serious harm to Plaintiff and all inmates at FCF. This was evinced by the previous assaults over the years.

40) Based on information and belief, Defendants Stancil and Burtlow knew it was a widespread custom or practice at FCF to be understaffed, to not conduct adequate cell searches, pat-down searches and supervise Unit 1 inmates. This unconstitutional policy and/or practice resulted in Plaintiffs violent assault and near death.

41) For the past several years, CDOC, FCF and all state prisons in Colorado have continued to operate their prisons with staffing shortages, which have jeopardized the safety and security of the prisons, staff, inmates and Plaintiff, posing a substantial risk of serious harm.

42) Plaintiff filed several grievance against the Defendants related to his violent assault and near death, but with the exception of one grievance, his grievances were ignored and never responded to.

43) In an attempt to investigate his claims, Plaintiff has repeatedly requested video surveillance footage from the attack, staff member's names who worked in Unit 1, on the day of the assault and all reports from his violent assault and near death, however despite his numerous requests and Kites, all of the Defendants have obstructed, impeded and frustrated Plaintiff's ability to investigate his claims, discussed herein, by ignoring his requests.

44) Notably, after Plaintiff's violent and near death assault, J.W. was never criminal prosecuted by FCF or CDOC for the crimes he committed against Plaintiff. This alone shows a deliberate indifference as these Defendants did everything in their power to cover-up this violent assault.

45) Each Defendant's conduct was a direct cause in whole or in part of Plaintiff's injuries and damages, which are indivisible, resulting in joint and several liability.

46) The conduct of each Defendant was undertaken in reckless disregard of Plaintiffs constitutionally protected rights entitling him to punitive or exemplary damages against each of the Defendants pursuant to 42 U.S.C. § 1983.

47) As a direct result of the unconstitutional policies, procedures, practices, and widespread customs, and/or lack of training, supervision, and discipline as described *supra*, Plaintiff suffered injuries and damages, and a trial by jury is warranted.

### E.   PREVIOUS LAWSUITS

Have you ever filed a lawsuit, other than this lawsuit, in any federal or state court while you were incarcerated? ___ Yes  _X_ No (*check one*).

*If your answer is "Yes," complete this section of the form. If you have filed more than one previous lawsuit, use additional paper to provide the requested information for each previous lawsuit. Please indicate that additional paper is attached and label the additional pages regarding previous lawsuits as "E. PREVIOUS LAWSUITS."*

Name(s) of defendant(s): _____

Docket number and court: _____

Claims raised: _____

Disposition: (is the case still pending?
has it been dismissed?; was relief granted?) _____

Reasons for dismissal, if dismissed: _____

Result on appeal, if appealed: _____

F.   **ADMINISTRATIVE REMEDIES**

*WARNING: Prisoners must exhaust administrative remedies before filing an action in federal court regarding prison conditions. See 42 U.S.C. § 1997e(a). Your case may be dismissed or judgment entered against you if you have not exhausted administrative remedies.*

Is there a formal grievance procedure at the institution in which you are confined?

    _X_ Yes ___ No (*check one*)

Did you exhaust administrative remedies?

    _X_ Yes ___ No (*check one*)

G.   **REQUEST FOR RELIEF**
*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "G. REQUEST FOR RELIEF."*

As a result of each of the forgoing Defendants' deliberate indifference, Plaintiff was severely injured and damages in the following particulars:

1) Physical and mental pain and suffering, PTSD, extensive nerve damage, anxiety, fear, stress, distress, emotional distress and humiliation, on all claims allowed by law in an amount to be determined at trial;

2) Loss of future income and/or earning capacity due to injuries;

3) Compensatory and Punitive damages on all claims allowed by law and in an amount to be determined at trial;

4) Any further relief that this court deems just and proper, and any other relief as allowed by law.

## H. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

_____
(Plaintiff's signature)

11·13·25
_____
(Date)

(Revised November 2022)